IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-00428-LTB-GPG

JOAQUIN A. GUZMAN LOERA,

      Petitioner,

v.

B. TRUE, in his capacity as Complex Warden of the United States Penitentiary Florence
      ADMAX,
MONTY WILKINSON, in his official capacity as Acting Attorney General of the United
      States, and
MICHAEL CARVAJAL, in his official capacity as Director of Bureau of Prisons,

      Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Verified Petition for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1)[1] filed by Petitioner, Joaquin A.

Guzman Loera, on February 12, 2021. The matter has been referred to this Magistrate

Judge for recommendation (ECF No. 5.)[2]

---

[1] "(ECF No. 1)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Petition be denied and the action be dismissed.

## I. DISCUSSION

Petitioner asserts six claims challenging the conditions of his confinement. More specifically, Petitioner asserts five claims that his Eighth Amendment rights have been violated because he is: denied access to exercise and educational opportunities (claim one); denied cleaning supplies (claim two); denied the ability to purchase potable water (claim three); denied medical care (claim five); and denied either larger food portions or a less restrictive commissary list (claim six). Petitioner also contends his First Amendment rights have been violated by interference with his right to send and receive letters (claim four). As relief Petitioner seeks immediate medical care and either an order directing Respondents to release Petitioner and extradite him back to Mexico or, in the alternative, an order directing Respondents to provide access to ten hours a week of outdoor exercise, Spanish translated education materials or a tutor, bottled water for sale, a less restrictive commissary list or larger food portions, and weekly visits from a Spanish speaking mental health professional.

Petitioner's conditions of confinement claims may not be raised in a habeas corpus action. Although the Supreme Court has never squarely addressed whether a

---

and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

habeas corpus petition may be used to challenge prison conditions, it is clear that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In the Tenth Circuit, "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) - not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *see also Boyce v. Ashcroft*, 251 F.3d 911, 918 (10th Cir.), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001) (affirming dismissal of habeas petition claiming that conditions of confinement violated Eighth Amendment rights and holding "that petitioner may not raise his challenges to conditions of confinement in a Section 2241 petition."). The cases cited by Petitioner in support of his argument that he may challenge the conditions of his confinement in a habeas corpus action either are not on point or do not undermine the binding Tenth Circuit authority.

The fact that part of the relief Petitioner seeks is release from custody does not alter the conclusion that he may not assert conditions of confinement claims in a habeas corpus action because Petitioner's conditions of confinement claims do not implicate the fact of his confinement or its duration. That is, Petitioner makes no argument with respect to the legal authority for his custody or its duration. Petitioner apparently concedes as much because the alternative relief he seeks, i.e., changed conditions of confinement, is a tacit acknowledgement that the allegedly unconstitutional conditions

3

can be remedied without releasing him from custody.

For these reasons, the Court concludes that Petitioner's conditions of confinement claims are not cognizable in a habeas corpus action under 28 U.S.C. § 2241.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be denied and the action be dismissed without prejudice because Petitioner's conditions of confinement claims are not cognizable in a habeas corpus action.

DATED February 19, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge